UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-20623-CIV-SINGHAL/Damian

SHORES GLOBAL, LLC,
a Florida corporation,

    Plaintiff,

v.

NJORD'S ARK A/S and
ANDREAS KRENZEN,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss the Amended Complaint (DE [59]) (the "Motion to Dismiss"). In this case, Plaintiff Shores Global, LLC ("Plaintiff" of "Shores Global"), alleges that its former employee, Defendant Andreas Krenzen ("Krenzen"), along with other Shores Global employees, took Plaintiff's confidential information and trade secrets, and used them to start a competitor business, Defendant Njord's Ark A/S ("Njord's") (collectively, "Defendants"), in Denmark. According to Shores Global, in doing so, Krenzen and Njord's, individually, as aiders and abettors, and as co-conspirators, breached an employment agreement, a non-compete agreement, and trade secret law, and tortiously interfered with Shores Global's business relationships. Defendants seek dismissal of the Amended Complaint based on lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim. The Motion to Dismiss was referred to the Honorable Melissa Damian, United States Magistrate Judge

("Judge Damian"), for a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. *See* (DE [61]). Plaintiff filed a response to the Motion to Dismiss (DE [66]), to which Defendants filed a reply (DE [71]).

Judge Damian held a hearing on the Motion to Dismiss on December 8, 2022 (DE [76]) and issued a Report and Recommendation to District Judge ("Report & Recommendation") (DE [79]) on February 3, 2023. In the Report & Recommendation (DE [79]), Judge Damian recommends that the Motion to Dismiss (DE [59]) be granted in part and denied in part. Specifically, Judge Damian recommends that the Motion to Dismiss based on lack of personal jurisdiction should be denied as to Defendant Krenzen on grounds Plaintiff has sufficiently alleged personal jurisdiction pursuant to Section 48.193(1)(a)(9), Florida Statutes (contractual consent), and Section 48.193(1)(a)(2), Florida Statutes (commission of tortious act in Florida); the Motion to Dismiss based on lack of personal jurisdiction should be granted as to Defendant Njord's; the Motion to Dismiss based on *forum non conveniens* should be denied as to both Defendants; and the Motion to Dismiss for failure to state a claim should be granted as to Counts II and IV and denied as to Counts I and III. Plaintiff's Objections, in part ("Plaintiff's Objections") (DE [83]) and Defendant Krenzen's Objections ("Krenzen's Objections") (DE [84]) to Judge Damian's Report and Recommendation (DE [79]) were timely filed on February 24, 2022. Defendants' Response to Plaintiff's Objections ("Defendants' Response") (DE [85]) and Plaintiff's Response to Krenzen's Objections ("Plaintiff's Response") (DE [86]) were timely filed on March 3, 2023. Accordingly, the matter is now ripe for review.

Under 28 U.S.C. § 636(b)(1), the Court reviews the magistrate judge's report and recommendations for clear error if no objections are filed to the report, and it may "accept,

2

reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1). On the other hand, if a party files objections, the district court must determine *de novo* any part of the magistrate judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court has carefully reviewed the Report & Recommendation (DE [79]), the Motion to Dismiss (DE [59]), Plaintiff's Objections (DE [83]), Krenzen's Objections (DE [84]), the record in this case, the applicable law, and is otherwise fully advised. In addition, the Court has conducted a *de novo* review of the Report & Recommendation (DE [79]) in light of the parties' objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *see also Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court finds Judge Damian's Report & Recommendation (DE [79]) to be well-reasoned and the analysis contained therein to be correct.

I.   **BACKGROUND AND LEGAL STANDARD**

There is no need to rework the facts, background, and applicable legal standards that were well-articulated by Judge Damian. This Court adopts Judge Damian's description of the factual and procedural background and the applicable legal standards in the Report & Recommendation (DE [79]) and incorporates that background by reference herein.

II.   **DISCUSSION**

Upon conducting a *de novo* review, the Court finds Judge Damian's Report & Recommendation (DE [79]) to be well reasoned and correct, and the Court agrees with

the analysis set forth therein. Plaintiff Shores Global objects to the Report & Recommendation by arguing that the Court has personal jurisdiction over Njord's (DE [83]). Defendant Krenzen objects to the Report & Recommendation by arguing that the Court does not have personal jurisdiction over Krenzen and that Count I (for breach of contract and aiding and abetting breach of contract) and Count III (for misappropriation of trade secrets) should be dismissed for failure to state a claim (DE [84]).

At the outset, the Court notes that nearly all the objections are due to be overruled because they either expand upon or reframe arguments already presented and considered by Judge Damian in the Report & Recommendation (DE [79]), or they simply disagree with the Report's conclusions.[1] It is well settled that an objecting party may not "submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

> "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority."

---

[1] In the few instances where Krenzen raised arguments in his Objections (DE [84]) that were not, in the first instance, presented to Judge Damian, the Court notes that, in its discretion, it need not consider such arguments, but will do so here. *See Borges v. Berryhill*, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018) (citing *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009)) ("A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge."), *aff'd sub nom. Borges v. Comm'r of Soc. Sec.*, 771 Fed. Appx. 878 (11th Cir. 2019).

4

> Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed. Appx. at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 Fed. Appx. at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

*Borges v. Berryhill*, No. 17-22114-CIV, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018), *aff'd sub nom. Borges v. Comm'r of Soc. Sec.*, 771 Fed. Appx. 878 (11th Cir. 2019). The Court will consider each of the parties' objections in turn through the standards set forth in *Marlite* and *Borges*.

### A.   Shores Global's Objections

Shores Global objects to the Report & Recommendation by arguing that because Judge Damian found that the threshold for personal jurisdiction over Njord's under Florida's long-arm statute was met, Judge Damian should have found that Njord's is likewise subject to personal jurisdiction under the Due Process Clause of the Constitution. *See* (Pl.'s Objs. (DE [83]) at 3–4). This objection expands on an argument made by Shores Global in the Motion to Dismiss briefing. *See* (Pl.'s Opp'n to Mot. to Dismiss (DE [66]) at 8). In support of this objection, Shores Global cites cases from outside of this jurisdiction for varying formulations of the proposition that an individual corporate agent's pre-incorporation contacts with a forum state, upon ratification by the corporate principal, may be imputed to the corporate principal, for the purpose of determining whether there have been minimum contacts between the corporate principal and the forum state. *See*

5

(Pl.'s Objs. (DE [83]) at 8–9). Shores Global cites no caselaw from this jurisdiction to support this proposition, and a Florida appellate court has resisted this proposition. *See Arch Aluminum & Glass Co. v. Haney*, 964 So. 2d 228, 234 (Fla. 4th DCA 2007) (adopting the "common law rule that a corporation is not liable for torts which its promoters committed before it came into existence.") (internal quotation marks and citation omitted). Additionally, the main case relied upon by Shores Global, *Rees v. Mosaic Techs, Inc.*, 742 F.2d 765 (3d Cir. 1984), did not hold that courts were compelled to consider in the jurisdictional decision pre-incorporation acts that are subsequently ratified by the corporation, but rather that "it would seem permissible" for courts evaluating personal jurisdiction under Pennsylvania's long-arm statute to do so. *Id.* at 769. Shores Global's overarching suggestion appears to be that Judge Damian's conclusion that there is personal jurisdiction over Njord's under Florida's long-arm statute should compel the conclusion that there is personal jurisdiction over Njord's under the due process prong of the personal jurisdiction analysis. This argument is unavailing. The Eleventh Circuit has noted that the constitutional due process prong of the personal jurisdiction inquiry is "a completely different analysis" than that of Florida's long-arm statute. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250 (11th Cir. 2000). And the Florida Supreme Court has noted that the constitutional prong of the personal jurisdiction analysis "imposes a more restrictive requirement" than the statutory prong. *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000). Additionally, upon *de novo* review, the Court agrees with Judge Damian's well-reasoned and thorough personal jurisdiction analysis with respect to Njord's in the Report & Recommendation.

**B. Krenzen's Objections**

Krenzen objects to the Report & Recommendation by arguing that the Court does not have personal jurisdiction over him. Krenzen objects to both bases upon which Judge Damian found Plaintiff had sufficiently alleged personal jurisdiction as to him—contractual consent pursuant to section 48.193(1)(a)(9), Florida Statutes, and commission of a tortious act in Florida pursuant to section 48.193(1)(a)(2), Florida Statutes (DE [84]). Krenzen also objects to the Report & Recommendation by arguing that Count I (for breach of contract and aiding and abetting breach of contract) and Count III (for misappropriation of trade secrets) should be dismissed for failure to state a claim (DE [84]).

With respect to contractual consent to personal jurisdiction, Krenzen argues that the Report & Recommendation improperly analyzed the $250,000 consideration threshold that is required before an agreement can provide the basis for personal jurisdiction (Krenzen's Objs. (DE [84]) at 8–9);[2] that the non-compete agreement, which provided the basis for jurisdiction, should be invalidated because it was obtained when Krenzen was under duress (*Id.* at 10–12); and that the non-compete agreement should be considered an employment contract, which cannot provide a basis for personal jurisdiction (*Id.* at 12–13). All three arguments either expand upon or rehash arguments that Krenzen made in his Motion to Dismiss or merely disagree with Judge Damian's Report & Recommendation. *See* (Defs. Mot. to Dismiss (DE [59]) at 16). Upon *de novo* review, the Court agrees with Judge Damian's well-reasoned and thorough analysis in the Report & Recommendation regarding these positions.

---

[2] Where there is a conflict between a party's page numbering of its filing and the page numbering provided by the Case Management/Electronic Case Files ("CM/ECF") system, the Court relies on the page numbering provided by the CM/ECF system, which appears on the top of each page of each case filing.

Krenzen additionally argues that under Florida's long-arm statute, personal jurisdiction cannot be based solely on contractual consent. This objection is due to be overruled because, as Shores Global correctly points out, Krenzen's argument is based on outdated precedent. Formerly, "Florida Courts [would] not exercise jurisdiction solely on the basis of a contractual provision conferring jurisdiction if the nonresident defendant's acts [did] not satisfy the state long-arm statutes." *Alexander Proudfoot Co. World Headquarters, L.P. v. Thayer*, 877 F.2d 912, 920 (11th Cir. 1989). However, this changed in June 1989 when the Florida legislature enacted sections 685.101 and 685.102, Florida Statutes, which, as interpreted by the Third District Court of Appeal, provide that "parties to a commercial contract can, by agreement alone, confer personal jurisdiction on a Florida Court." *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So. 3d 159, 160 (Fla. 3d DCA 2009). The Florida Legislature also subsequently amended the long-arm statute to reflect that "[e]ntering into a contract that complies with [section] 685.102[, Florida Statutes,]" subjects a person to the jurisdiction of Florida courts. Fla. Stat. § 48.193(1)(a)(9).

With respect to personal jurisdiction based on the commission of a tortious act in Florida, Krenzen argues that facts alleged in the Amended Complaint are inconsistent with the Complaint and should therefore not be considered in the jurisdictional analysis (Krenzen's Objs. (DE [84]) at 13–18) and that Shores Global has failed to show that Krenzen's activities in Florida were essential to the success of the tort (*Id.* at 18–19). Both of these arguments either repeat or expand upon arguments that Krenzen made in the Motion to Dismiss or merely disagree with Judge Damian's Report & Recommendation. *See* (Defs. Mot. to Dismiss (DE [59]) at 5–10, 13–14). Upon *de novo* review, the Court

agrees with Judge Damian's well-reasoned and thorough analysis in the Report & Recommendation regarding these positions. Krenzen additionally argues that the jurisdictional declaration of Shores Global's CEO, Susan Sadolin, is defective. (Krenzen's Objs. (DE [84]) at 19–21). Such argument should have been set forth before Judge Damian, but nonetheless the Court finds that Judge Damian appropriately considered the parties' competing declarations.

Finally, Krenzen objects to the Report & Recommendation by arguing that Count I (for breach of contract and aiding and abetting breach of contract) and Count III (for misappropriation of trade secrets) should be dismissed for failure to state a claim because they contain conclusory allegations (DE [84]). Krenzen's objection with respect to Count I is due to be overruled. Krenzen makes the same argument in his objections that Judge Damian rejected in her Report & Recommendation. The Court agrees with Judge Damian's analysis that Shores Global's allegations with respect to Count I are not conclusory. With respect to Count III, Krenzen argues that Shores Global's trade secrets allegations are conclusory because they cite broad categories of information when describing "trade secrets" instead of identifying actual trade secrets that fall within those general categories. (Krenzen's Objs. (DE [84]) at 23–24). The Court finds this argument unavailing and agrees with Judge Damian that the list of trade secrets provided in Shores Global's Amended Complaint satisfies the standard set forth in *DynCorp* that "the plaintiff need only allege sufficient facts to plausibly show a trade secret was involved and to give the defendant notice of the material it claims constituted a trade secret." *See DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 Fed. Appx. 844, 848 (11th Cir. 2016) (per curiam) (citation omitted). Accordingly, it is hereby

9

**ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Damian's Report and Recommendation to District Judge (DE [79]) is **AFFIRMED** and **ADOPTED**.

2. Defendants' Motion to Dismiss the Amended Complaint (DE [59]) is **GRANTED in part and DENIED in part**.

3. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (DE [83]) are **OVERRULED**.

4. Defendant Krenzen's Objections to the Magistrate Judge's Report and Recommendation (DE [84]) are **OVERRULED**.

5. Defendant Krenzen shall file an Answer to the remaining counts of the Amended Complaint by **March 10, 2023**.

6. Furthermore, the parties are directed to file an amended Joint Scheduling Report by **March 10, 2023**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of March 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF